UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,        CASE NO. 8:13-CV-1747-T-17TGW

v.

JOHN HENLEY FOWLER,
JEFFREY ROBERT FOWLER,
AND JULIANNE CHALMERS,

        Defendants.
_____/

ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST
JULIANNE CHALMERS AND ENTERING JUDGMENT OF PERMANENT INJUNCTION
AND OTHER RELIEF

    THIS MATTER is before the Court on Plaintiff Securities and Exchange Commission's Motion for Entry of a Default Judgment against Defendant Julianne Chalmers, (D.E. 18). Having considered the motion and the entire record, the Court enters the following order granting the Plaintiff's motion, and imposing a Default Judgment of Permanent Injunction against Chalmers:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

    1.    This Court has personal jurisdiction over Chalmers and the subject matter of this action. Venue is proper in the Middle District of Florida.

    2.    Chalmers was properly served with a summons and a copy of the Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure, and thus, she has proper notice of this action.

Case No. 8:13-CV-1747-T-17TGW

3. As of the date of this Order, Chalmers has failed to answer or otherwise file a responsive pleading to the Complaint as required by the Federal Rules of Civil Procedure.

4. The Clerk of the Court entered a default against Chalmers on March 11, 2014. (D.E. 17.) By virtue of the default and the failure to respond to the Complaint, Chalmers is deemed to have admitted the allegations of the Complaint, and the Commission has established liability against her. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). Thus, the Court finds Chalmers committed the violations alleged in the Complaint. Accordingly, it is:

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of a Default Judgment against Defendant Julianne Chalmers is **granted**. Default Judgment is entered against Chalmers as follows:

I.

**SECTIONS 5(a) and 5(c) OF THE SECURITIES ACT OF 1933**

**IT IS ORDERED AND ADJUDGED** that Chalmers, her agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell

Case No. 8:13-CV-1747-T-17TGW

        such security through the use or medium of any prospectus or otherwise;

(b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

## II.

## SECTION 15(a) OF THE EXCHANGE ACT

**IT IS FURTHER ORDERED AND ADJUDGED** that Chalmers and her agents, servants, employees, attorneys, and those persons in active concert or participation with them, and each of them, are hereby restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Securities Exchange Act, 15 U.S.C. § 78o, by making use of the mails or any means or instrumentality of interstate commerce to effect any

Case No. 8:13-CV-1747-T-17TGW

transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such broker or dealer is registered with the Commission.

### III.
### DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Chalmers shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from November 29, 2011 to the date of entry of the order of disgorgement against Chalmers, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). The Commission shall file a motion seeking specific disgorgement, prejudgment interest, and civil penalty amounts within 90 days of the entry of this Order.

### IV.
### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter and Chalmers in order to implement and carry out the terms of all Orders and Decrees that may be entered and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

Case No. 8:13-CV-1747-T-17TGW

V.

**RULE 54(b) CERTIFICATION**

**IT IS FURTHER ORDERED AND ADJUDGED** that, there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**DONE and ORDERED** in Chambers at Tampa, Florida, on this 9th day of April, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All counsel and parties of record